IN THE UNITED STATES DISTRICT COURT

                          FOR THE DISTRICT OF OREGON

DANNIS L. HURLIMAN,                )
                                   )
            Plaintiff,             )    Case No. 07-6373-HO
                                   )
       v.                          )    ORDER
                                   )
Commissioner of Social Security,   )
                                   )
            Defendant.             )
_____)

    Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits. Plaintiff asserts disability beginning July 1, 2001, due to chronic pain, blurry vision, abnormal sleep, fatigue, stiffness, digestive problems, nausea, migraines, severe chronic muscle spasms, nimbleness, weakness, fibromyalgia, and mental impairments. After

1 - ORDER

a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled.

Plaintiff contends the ALJ erred in: (1) rejecting plaintiff's testimony; (2) rejecting the opinion of plaintiff's treating physicians; (3) rejecting lay testimony; and (4) failing to meet the burden of proving that plaintiff retains the ability to perform other work.

Plaintiffs treating physicians diagnosed fibromyalgia and opined that plaintiff's capacity was such that she is precluded from working. Plaintiff testified as to limitations that preclude work. The ALJ rejected the opinions of plaintiff's treating physicians and rejected plaintiff's testimony asserting it was based on plaintiff's discredited subjective complaints.

The ALJ cannot reject a claimant's symptom testimony solely because it is not fully corroborated by objective medical findings. The ALJ found that plaintiff has substantially more capacity than she stated and she left work because her husband's promotion required relocation. Tr. 29. The ALJ also noted that plaintiff received unemployment benefits, necessitating representations of an ability to work. The ALJ also determined that plaintiff's daily activities were consistent with light and sedentary work and that her daily activities were inconsistent with her allegations. Tr. 29-30. The ALJ also took issue with plaintiff's lack of treatment from a pain specialist. Tr. 30.

2 - ORDER

Plaintiff stated that she left her job not only because of her husband's relocation but also because she was "physically a mess" due to fibromyalgia. Tr. 631.

Plaintiff's daily activities do not equate to the ability to spend a substantial part of the day engaged in performance of physical functions transferrable to a work setting. The Commissioner cites activities that plaintiff performed with difficulty and not on a sustained basis. See, e.g., Tr. 140 (needs to rest after cooking); Tr. 142 (start dinner if feeling up to it); Tr. 144 (walking and household stuff causes pain); Tr. 145 (can start but not finish cooking and housework); Tr. 146 (walks only occasionally). In addition, unemployment benefits are available in Oregon if a claimant is able to work part-time, while social security disability benefits are available if a claimant is unable to work full-time.

Plaintiff takes Hydrocodone for pain and is being treated by a specialist in rheumatology. Tr. 145, 279-84.

The ALJ failed to provide sufficient reasoning for rejecting plaintiff's testimony and, accordingly, her treating physicians' opinions. Therefore, plaintiff is entitled to benefits. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995).

CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and the case remanded for an award of benefits.

DATED this __24th__ day of __May__, 2009.

                                              __s/ Michael R. Hogan__
                                              UNITED STATES DISTRICT JUDGE

4 - ORDER